**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (if known) _____    Chapter  11

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Yield10 Bioscience, Inc. |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | FDBA  Metabolix Bioscience, Inc. |
| 3. | Debtor's federal Employer Identification Number (EIN) | 04-3158289 |
| 4. | Debtor's address | **Principal place of business**<br>19 Presidential Way, Suite 201<br>Woburn, MA 01801<br>Number, Street, City, State & ZIP Code<br><br>USA<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | www.yield10bio.com |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  __Yield10 Bioscience, Inc.__                                   Case number *(if known)* _____
         Name

7. **Describe debtor's business**     A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __5417__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**     *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ■ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ■ No.
   ☐ Yes.

   District _____  When _____  Case number _____
   District _____  When _____  Case number _____

Official Form 201     **Voluntary Petition for Non-Individuals Filing for Bankruptcy**     page 2

Debtor   **Yield10 Bioscience, Inc.**    Case number (*if known*) _____
       Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Schedule 1 attached**     Relationship **Affiliate**

District _____ When _____ Case number, if known _____

**11. Why is the case filed in *this district*?**
Check all that apply:
■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
■ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)
☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other _____

Where is the property?
_____
Number, Street, City, State & ZIP Code

Is the property insured?
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**
Check one:
■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**
☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **Yield10 Bioscience, Inc.**　　　　　　　　　　　　　　　Case number (*if known*)
　　　　　Name

| 16. Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ■ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| | |
|---|---|
| Debtor   **Yield10 Bioscience, Inc.**<br>Name | Case number (if known) |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/06/2024
             MM / DD / YYYY

X _____    **Oliver P. Peoples**
Signature of authorized representative of debtor      Printed name

Title   **Authorized Person**

**18. Signature of attorney**

X _____    Date  12/6/24
Signature of attorney for debtor         MM / DD / YYYY

**Frederick B. Rosner 3995**
Printed name

**The Rosner Law Group LLC**
Firm name

**824 N. Market Street
Suite 810
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 777-1111**    Email address   **rosner@teamrosner.com**

**3995 DE**
Bar number and State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Yield10 Bioscience, Inc.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-[•] ([•])<br><br>(Joint Administration to be Requested) |

## SCHEDULE 1 TO PETITION

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), has filed or will file a petition for relief in the United States Bankruptcy Court for the District of Delaware under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of their cases for procedural purposes only under the case number assigned to the chapter 11 case of Yield10 Bioscience, Inc.

       Yield10 Bioscience, Inc.

       Yield10 Bioscience Securities Corp.

       Yield10 Oilseeds Inc.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Yield10 Bioscience, Inc. (x8289), (ii) Yield10 Bioscience Securities Corp. (x7435), and (iii) Yield10 Oilseeds Inc. (Canadian Business No. x9469).

{00040263. }        1

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Delaware

In re  **Yield10 Bioscience, Inc.**  
Debtor(s)

Case No. _____  
Chapter **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **See attached**.

2. The following financial data is the latest available information and refers to the debtor's condition on ____.

   a. Total assets                                                  $ **8,218,085.75**

   b. Total debts (including debts listed in 2.c., below)            $ **5,771,189.78**

   c. Debt securities held by more than 500 holders:                                      Approximate number of holders:

   | | | | Amount | Holders |
   |---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ 0.00 | 0 |

   d. Number of shares of preferred stock                                      0                    0

   e. Number of shares common stock                                        734,408              1,520*

   Comments, if any:

   *Note: the number reflects the approximate number of shareholders who hold 5 shares or more

3. Brief description of Debtor's business:
   Yield10 is an agricultural bioscience company focused on commercializing sustainable products using the oilseed Camelina sativa as a platform crop. Yield10's goal is to efficiently develop gene traits for the corps to increase yield.

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   Jack W. Schuler, 65,205 shares (8.9%)

# Yield10 Bioscience, Inc.
# Form 201A item 1
# Stock Registrations under Securities Act of 1934

Note, Yield10 has been a publicly traded company since 2006. There have been many stock registrations. Not sure which ones are under the 1934 Act vs. 1933

| Filing | Filing Date | SEC Registration File No. |
| --- | --- | --- |
| S-1 | 4/25/24 | 333-278930 |
| S-1 | 5/3/24 | 333-279109 |
| S-1 | 7/14/23 | 333-273240 |
| S-1 | 6/30/24 | 333-273070 |
| S-1 | 10/8/20 | 333-249388 |
| S-1 | 9/9/19 | 333-233683 |
| S-1MEF | 2/19/17 | 333-222147 |
| S-1 | 11/2/17 | 333-221283 |
| S-1 | 8/18/17 | 333-220040 |
| S-1 | 10/19/15 | 333-207510 |
| S-1MEF | 11/3/06 | 333-138630 |
| S-1 | 7/14/06 | 333-135760 |
| S-3 | 3/29/21 | 333-254830 |
| S-3 | 4/1/20 | 333-237539 |
| S-3 | 3/31/17 | 333-217051 |
| S-3 | 1/16/14 | 333-193397 |
| S-3 | 3/10/11 | 333-172725 |
| S-3 | 1/18/08 | 333-148758 |
| S-8 | 6/14/23 | 333-272635 |
| S-8 | 3/23/23 | 333-270780 |
| S-8 | 5/6/22 | 333-264737 |
| S-8 | 6/7/21 | 333-256849 |
| S-8 | 3/29/21 | 333-254826 |
| S-8 | 5/29/20 | 333-238764 |
| S-8 | 1/9/20 | 333-235858 |
| S-8 | 5/15/19 | 333-231474 |
| S-8 | 8/9/18 | 333-226731 |
| S-8 | 3/31/17 | 333-217052 |
| S-8 | 3/25/15 | 333-202983 |
| S-8 | 3/28/14 | 333-194859 |
| S-8 | 3/28/14 | 333-194858 |
| S-8 | 3/28/13 | 333-187589 |
| S-8 | 5/9/12 | 333-181268 |
| S-8 | 3/10/11 | 333-172724 |
| S-8 | 3/11/10 | 333-165405 |
| S-8 | 3/12/09 | 333-157869 |
| S-8 | 11/6/08 | 333-155115 |
| S-8 | 8/8/07 | 333-145232 |
| S-8 | 11/13/06 | 333-138631 |

**Resolution of the Board of Yield10 Bioscience Inc. and
Omnibus Written Consent in Lieu of a Meeting of
Yield10 Oilseeds Inc. and Yield10 Bioscience Securities Corp.**

December 5, 2024

I, Oliver Peoples, the duly qualified and elected President and CEO of Yield10 Bioscience, Inc., a Delaware Corporation ("Corporation"), hereby certify that at a special meeting of the Board of Directors of the Corporation duly called and held on November 20, 2024, the following resolutions ("Resolutions") were adopted in accordance with the by-laws of the Corporation and that said Resolutions have not been modified or rescinded and are in full force and effect on the date hereof. Further, the undersigned, being all of the members of the boards of directors (in each case, a "Governing Body" and collectively, the "Governing Bodies"), of Yield10 Oilseeds Inc. ("Oilseeds") and Yield10 Bioscience Securities Corp. ("Securities") (each, a "Company" and together, with the Corporation, the "Companies"), unanimously give their written consent to the following corporate actions and adopt the following Resolutions:

## Chapter 11 Filing

WHEREAS, the Companies are not able to conduct business in the ordinary and usual course due to fiscal and monetary constraints;

WHEREAS, the Companies are unable to raise capital through debt or equity fundraising;

WHEREAS, absent the liquidity necessary to conduct business, the ongoing operations and conduct of business by the Companies are not sustainable;

WHEREAS, the undersigned has determined it is in the best interests of the Companies to each commence a chapter 11 case (the "Chapter 11 Cases") by filing voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, each Governing Body has considered a presentation by financial persons and the legal advisor for the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to the Companies, and the effect of the foregoing on each Company's business;

WHEREAS, each Governing Body has had the opportunity to consult with financial persons and the legal advisor of the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS, each Governing Body has had the opportunity to consult with the financial persons and legal advisor of the Companies and review chapter 11 of Title 11 of the United States

Code (the "Bankruptcy Code") and, upon due consideration, each Governing Body recommends the adoption of the following resolutions:

NOW, THEREFOR, BE IT RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company (including considering its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (each a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

FURTHER RESOLVED, that any member, officer, or director of each Company, or any other duly appointed officer or other person acting at the direction of the foregoing officers of each Company (individually, the "Authorized Signatory" collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, motions, and other papers or documents, and to take any and all actions that they deem necessary, proper, or convenient to obtain relief under chapter 11 of the Bankruptcy Code, including any action necessary to maintain the ordinary course operation of each Company's business;

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Signatory to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, hereby are adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board for its prior approval;

FURTHER RESOLVED, all acts and deeds previously performed by any of the Authorized Signatories or officers of any of the Companies before the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Companies.

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ The Rosner Law Group LLC ("RLG") as bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including paying appropriate retainers and fees;

**RESOLVED**, that Oliver Peoples (the "Authorized Person"), with full authority to act, without others, be and hereby is, authorized and empowered on behalf of and in the name of the Companies, to execute, verify and file or cause to be filed one or more petitions under chapter 11 of the Bankruptcy Code, all schedules, lists, motions, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 Cases, including the Schedules of Assets and Liabilities and Statement of Financial Affairs for the Companies and to testify at the 341 meeting of creditors on behalf of the Companies, and to take any and all action deemed necessary, proper, or desirable in connection with the Chapter 11 Cases; and it is further

**RESOLVED,** that any and all past actions heretofore taken by management of the Companies, RLG, the Authorized Person or any of their respective agents or officers in the name of and on behalf of the Companies in furtherance of any or all of the preceding resolutions be and the same hereby are ratified, approved, and adopted.

**IN WITNESS WHEREOF,** the undersigned have executed this Omnibus Written Consent as of the date first written above.

**Yield10 Bioscience, Inc.**

Certified and signed by:

By: *Oliver P. Peoples*

Name: Oliver P. Peoples, President & CEO

**Board of Directors of Yield10 Bioscience Securities Corp.**

Signed by:

By: *Oliver P. Peoples*

Name: Oliver P. Peoples, Director

By: *Charles B. Haaser*

Name: Charles B. Haaser, Director

**Board of Directors of Yield10 Oilseeds Inc.**

By: *Oliver P. Peoples*

Name: Oliver P. Peoples, Director

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Yield10 Bioscience, Inc. |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☐ Schedule H: Codebtors (Official Form 206H)
☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule
■ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
■ Other document that requires a declaration   Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/06/2024    x _____
                            Signature of individual signing on behalf of debtor

Oliver P. Peoples
Printed name

Authorized Person
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

Fill in this information to identify the case:

Debtor name: Yield10 Bioscience, Inc.

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Covington & Burling LLP<br>PO Box 3225<br>Carol Stream, IL 60132-3225 | collections@cov.com | Legal Services | | | | $159,041.92 |
| University of Massachusetts -Amherst<br>University of Massachusetts Innovation Institute<br>Mass Venture Center, Suite 201<br>Hadley, MA 01035 | billingandar@umass.edu | Sponsored Research | | | | $122,814.00 |
| RSM US LLP<br>5155 Paysphere Circle<br>Chicago, IL 60674 | remittanceadvice@rsmus.com | Services Provided | | | | $104,500.00 |
| Broadridge Investor Communications<br>PO Box 416423<br>Boston, MA 02241-6423 | remittance@broadridge.com | Services Provided | | | | $29,446.79 |
| Berkowitz Pollack Brant Advisor + CPAs<br>PO BOX 735244<br>Dallas, TX 75373 | accountsreceivable@bpbcpa.com | Accounting and Financial Services | | | | $21,735.00 |
| G2 Ag Research, LLC<br>2429 Harold Drive<br>Idaho Falls, ID 83402 | corey_dixon@g2research.com | Research Service | | | | $21,000.00 |

Official form 204   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims   page 1

Debtor: **Yield10 Bioscience, Inc.**
Name

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Digital Media Innovations, LLC c/o West Technology Group, LLC PO Box 74007143 Chicago, IL 60674-7143 | cashappsupport@notified.com | Service Provided | | | | $18,894.27 |
| Toppan Merrill LLC PO Box 74007295 Chicago, IL 60674 | usaremittance@toppanmerrill.com | Service Provided | | | | $16,026.25 |
| Alliance Advisors LLC 200 Broadacres Dr 3rd Floor Bloomfield, NJ 07003 | ar@allianceadvisorsllc.com | Service provided | | | | $15,788.60 |
| Pearne and Gordon, LLP 1801 East 9th Street Suite 1200 Cleveland, OH 44114 | remittance@pearne.com | Legal Services | | | | $11,844.73 |
| Marsh & McLennan Agency LLC. Park 80 West, Plaza two 250 Pehle Avenue, Suite 400 Saddle Brook, NJ 07663 | denise.recifo@marshmma.com | Services provided | | | | $8,224.24 |
| PRS (fka Plant Research Services) PO Box 13 343 NW 1351st Road Holden, MO 64040 | ljrains.prs@gmail.com | Crop Trials | | | | $7,800.00 |
| Equiniti Trust Company, LLC PO Box 12893 Philadelphia, PA 19176-0893 | remittance@Equiniti.com | Service Provided - Stock | | | | $7,650.00 |
| State of Delaware | dosdoc_ftax@delaware.gov | Franchise Tax | | | | $6,720.00 |
| Performance Crop Research, LLC 95 SW20 Road Great Bend, KS 67530 | performancecropresearch@gmail.com | Research and Suppliers | | | | $5,750.00 |
| Agro Innovations, LLC 13023 Urbanna Ct. Cypress, TX 77429 | trevor@aggroinnovations. | Research and Suppliers | | | | $4,800.00 |

Official form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims          page 2

Debtor **Yield10 Bioscience, Inc.**  Case number *(if known)* _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Net Tel One Communications<br>15 Braintree Hill Office Park, Suite 100<br>Braintree, MA 02184 | info@nettelone.com | Telecommunications Services | | | | $4,426.60 |
| UMass Amherst Office of Technology Comme<br>333 South Street Suite 450<br>Shrewsbury, MA 01545 | treasurerops@umassp.edu | Patent Services | | | | $3,793.16 |
| GenScript Corporation<br>860 Centennial Ave<br>Piscataway, NJ 08854 | accounting@genscript.com | Research and Suppliers | | | | $3,733.35 |
| C T Corporation<br>PO Box 4349<br>Carol Stream, IL 60197-4349 | SmallBusinessTeam@wolterskluwer.com | Services Provided | | | | $3,312.83 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Yield10 Bioscience, Inc.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-[•] ([•])<br><br>(Joint Administration to be Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and to enable the Judges to evaluate possible disqualification or recusal, the above-captioned debtors and debtors-in-possession (the "Debtors") respectfully represent, as of the date hereof, the following:

1. Both Debtor Yield10 Bioscience Securities Corp. and Debtor Yield10 Oilseeds Inc. are wholly-owned subsidiaries of Debtor Yield10 Bioscience, Inc.

2. There are no entities that own 10% or more of the issued and outstanding common stock of Debtor Yield10 Bioscience, Inc.

3. Debtor Yield10 Bioscience, Inc.'s equity securities are publicly held as follows (as of December 6, 2024):

| Amount Authorized | Amount Issued | Amount Outstanding |
|---|---|---|
| Preferred Stock | None | None |
| Common Stock | 734,408 | 734,408 |

/s/ Oliver P. Peoples
Name: Oliver P. Peoples
Title: Authorized Person of Debtors

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Yield10 Bioscience, Inc. (x8289), (ii) Yield10 Bioscience Securities Corp. (x7435), and (iii) Yield10 Oilseeds Inc. (Canadian Business No. x9469).

{00040371.}    1