## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Yield10 Bioscience, Inc., *et al.*,[1] | Case No. 24-12752 (MFW) |
| Debtors. | Jointly Administered |
|  | **Hearing Date: January 8, 2025 @ 12:00 p.m. (ET)** |
|  | **Obj. Deadline: December 26, 2024 @ 4:00 p.m. (ET)** |

### DEBTORS' MOTION FOR AN ORDER: (I) AUTHORIZING REJECTION OF AN UNEXPIRED LEASE AND SUBLEASE OF NON-RESIDENTIAL REAL PROPERTY AS OF THE REJECTION EFFECTIVE DATE; (II) AUTHORIZING ABANDONMENT OF ANY REMAINING PROPERTY LOCATED AT THE PREMISE; AND (III) GRANTING RELATED RELIEF

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), (i) authorizing the Debtors to reject, effective as of the Rejection Effective Date (as defined below), the Lease Agreement and the Consent to Sublease (as defined below); (ii) authorizing the Debtors to abandon any Remaining Property (as defined below) at the Premises (as defined below); and (iii) granting related relief. In support of this Motion, the Debtors rely upon and incorporate herein by reference the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] (the "First Day Declaration"), and respectfully state as follows:

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Yield10 Bioscience, Inc. (x8289), (ii) Yield10 Bioscience Securities Corp. (x7435), and (iii) Yield10 Oilseeds Inc. (Canadian Business No. x9469).

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for The United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory predicates for the relief requested herein are sections 105(a), 365(a) and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et seq.* (the "Bankruptcy Code") and Rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RELEVANT BACKGROUND**

**A.      The Debtors and Their Bankruptcy Cases**

4.      On December 6, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these Chapter 11 Cases. The Debtors continue to manage their properties and affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has been established in these Chapter 11 Cases.  These chapter 11 cases are being jointly administered, pursuant to Bankruptcy Rule 1015(b).

5.     The factual background regarding the Debtors, including their business operations and the events leading up to the commencement of these Chapter 11 Cases, is set forth in the First Day Declaration.[2]

**B.     The Lease & Sublease Agreements**

6.     On January 20, 2016, Debtor Yield10 Bioscience, Inc. ("Yield10", f/k/a Metabolix Inc.), as Tenant, entered into that certain Lease Agreement (the "Lease Agreement") with ARE-MA Region No. 20, LLC, as Landlord ("Landlord"), for premises located at 19 Presidential Way, Woburn, Massachusetts (the "Premise").   On October 19, 2016, with Landlord's consent, Tenant subleased a portion of the Premises to CJ Research Center LLC ("Sublessee") pursuant to an agreement signed by Landlord, Tenant and Sublessee ("Sublease").

7.     Yield10 used the Premise for its business and research operations, and storage of certain non-hazardous biological assets and equipment. However, due to its financial difficulties, and in preparation for the filing of its bankruptcy petition, Yield10 ceased operations and removed from the Premise all assets and deliverables under its Asset Purchase Agreement with Nuseed for storage with Tobin Scientific located in Beverly Mass.

8.     The Debtors have determined, in the exercise of their sound business judgement, that it is unnecessary and cost-prohibitive for the Debtors to continue to pay rent under these circumstances.   By rejecting the Lease, Debtors avoid the potential incurrence of additional expenses associated with the Lease and the Premise, which are no longer providing value to the Debtors and their estates.

9.     To that end, the Debtors, on November 27, 2024, sent a surrender letter to Landlord informing them of their unequivocal intent to surrender the Premises as of November

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

30, 2024 ("Rejection Effective Date").   The Debtors also removed all assets of value on or before the Rejection Effective Date.  *See* Exhibit A.  The Debtor has paid November rent in full.

10.    As the Sublease is derivative of the main Lease, its enforceability and continuity are contingent upon the existence of a valid and active primary Lease. Given the Tenant's rejection of the main Lease, the Sublease cannot survive independently and should similarly be deemed rejected. This ensures consistency with applicable legal principles and prevents any confusion regarding rights or obligations under a terminated primary lease.   Landlord and Subtenant are free to coordinate any necessary transaction with respect to the Premise.

**C.    Abandonment of Any Remaining Property at the Premise.**

11.    As part of the process of vacating the Premise, there may remain certain personal property at the Premise (the "Remaining Property"). The Debtors have determined that it would be difficult or expensive to remove and/or store the Remaining Property, relative to its value, such that the economic benefits of removing and/or storing some or all of the Remaining Property would be exceeded by the attendant costs. The Debtors seek authority to abandon the Remaining Property as of the Rejection Effective Date.

## RELIEF REQUESTED

12.    By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto as the Proposed Order, (i) authorizing the Debtors to reject, as of the Rejection Effective Date, the Lease and Sublease, which the Debtors have determined, in their business judgment, should be rejected; (ii) authorizing the Debtors to abandon the Remaining Property; and (iii) granting related relief.

## BASIS FOR RELIEF

**A.   Rejection is Authorized by Section 365(a) of the Bankruptcy Code.**

13.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in

possession "subject to the court's approval, may assume or reject any executory contract . . . of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re University Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). Section 365 allows the debtor-in-possession to "relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *In re Rickel Home Centers, Inc.*, 209 F.3d 291, 298 (3d Cir. 2000).

14.    The standard for court approval of rejection of an unexpired lease is whether the rejection is a reasonable exercise of a debtor's business judgment and will benefit the estate. *See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 492 (3d Cir. 1998). A debtor's determination to reject an executory contract is reviewed under the "business judgment" standard. *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (Bankr. D. Del. 2006); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). Under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

15.    The Debtor determined it was no longer able to pay rent under the Lease and, given the sale to Nuseed, payment of further rent is not necessary. Accordingly, in the exercise of their business judgment, the Debtors have determined that rejecting the Lease is in the best interest of their estates. Here, the Debtors seek to reject the Lease and Sublease, pursuant to section 365(a) of the Bankruptcy Code, to avoid the incurrence of any additional, unnecessary expenses related thereto. As of the Rejection Effective Date, the Debtors no longer occupy the Premise.

16.    In light of the foregoing, the Debtors respectfully request that the Court approve, as a sound exercise of the Debtors' business judgment, the rejection of the Lease and Sublease

under section 365(a) of the Bankruptcy Code as of the Rejection Effective Date.

**B.  Abandonment of Any Remaining Property Located at the Premise Is Authorized by Section 554(a) of the Bankruptcy Code.**

17.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see also Hanover Ins. Co. v. Tyco Indus.*, Inc., 500 F.2d 654, 657 (3d Cir. 1974) ("[A trustee] may abandon his claim to any asset, including a cause of action, he deems less valuable than the cost of asserting that claim."); *In re Contract Research Sols., Inc*., Case No. 12-11004, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("[A debtor] need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon."). The right to abandon property is virtually unfettered, unless (i) abandonment of the property will contravene laws designed to protect public health and safety, or (ii) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank v. N.J. Dep't of Env't Prot*., 474 U.S. 494, 501 (1986). Neither of these limitations is relevant under the instant facts.

18.    The Debtors submit that any Remaining Property that will be left at the Premises after the Rejection Effective Date is either of inconsequential value to the Debtors' estates or burdensome to the Debtors' estates to remove. The Debtors vacated the Premise on or prior to the Rejection Effective Date and removed all necessary assets, equipment and other property at that time. Among other things, the Debtors believe the costs of retrieving, marketing, and reselling the Remaining Property—to the extent there is any—would exceed any recovery that the Debtors and their estates could reasonably obtain in exchange for such property.

19.    Accordingly, the Debtors have determined, in the exercise of their sound business judgment, that abandonment of any interest the Debtors have in the Remaining Property at the

Premises as of the Rejection Effective Date is in the best interest of the Debtors, their estates, and their creditors.

<u>**RESERVATION OF RIGHTS**</u>

20.     Nothing in the Proposed Order or this Motion: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or the admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim.

<u>**CONCLUSION**</u>

**WHEREFORE**, the Debtors respectfully request that this Court (a) enter the Proposed Order (i) authorizing the Debtors to reject, effective as of the Rejection Effective Date, the Lease and Sublease; (ii) authorize the Debtors to abandon any Remaining Property; and (iii) granting related relief.

Dated: December 10, 2024  
       Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*  
Frederick B. Rosner (DE # 3995)  
Zhao (Ruby) Liu (DE# 6436)  
824 N. Market Street, Suite 810  
Wilmington, Delaware 19801  
Tel.: (302) 777-1111  
Email: rosner@teamrosner.com  
      liu@teamrosner.com

*Proposed Counsel to the Debtors and*  
*Debtors in Possession*