IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Yield10 Bioscience, Inc., *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No. 24-12752 (MFW)<br><br>(Jointly Administered)<br><br>Re: D.I. 7 |

**ORDER (A) APPROVING FORM AND MANNER OF
NOTICES AND (B) SCHEDULING A SALE HEARING AND
ESTABLISHING DATES AND DEADLINES RELATED THERETO**

Upon the motion (the "<u>Motion</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Sale Notice Order</u>"), (a) approving the Debtors' proposed form of notice of the hearing to approve the proposed sale of substantially all of the Debtors' assets (the "<u>Sale Hearing</u>") and (b) scheduling the Sale Hearing and certain dates and deadlines related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having found that notice of and opportunity for a hearing on the Motion were appropriate

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Yield10 (x 8289); (ii) Securities Corp. (x7435) and (ii) Oilseeds (Canadian Business No.x9469).

under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the testimony of the Debtors' representatives and the statements of counsel in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. All objections to the Motion or the relief provided herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3. The Debtors may sell the Purchased Assets and enter into the transactions contemplated by the Asset Purchase Agreement by conducting a private sale in accordance with Bankruptcy Rule 6004(f).

4. The Sale Hearing shall be held before this Court on **<u>January 8, 2025, at 12:00 p.m. (prevailing Eastern Time)</u>**, or at such earlier date as counsel and interested parties may be heard.

5. Objections, if any, to the sale of the Purchased Assets and the transactions contemplated by the Asset Purchase Agreement, or the relief requested in the Motion must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the clerk of the Bankruptcy Court for the District of

Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 and served on: (i) proposed counsel to the Debtors, The Rosner Law Group LLC, 824 Market Street, Suite 810 Wilmington, Delaware 19801, Attn.: Frederick B. Rosner, Esq. (rosner@teamrosner.com) and Zhao (Ruby) Liu, Esq. (liu@teamrosner.com); (ii) counsel to the Buyer, K & L Gates, LLP, 301 Hillsborough Street, Suite 1200, Raleigh, North Carolina, 27603, Attn.: A. Lee Hogewood III (a.lee.hogewoodiii@klgates.com), and K & L Gates, LLP, 600 N. King St., Suite 901 Wilmington, Delaware 19801, attn..: Matthew B. Goeller (matthew.goeller@klgates.com); and (c) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn.: Richard Schepacarter, Esq. (Richard.Schepacarter@usdoj.gov) on or before **12:00 p.m. (prevailing Eastern Time) on January 3, 2025** (the "Sale Objection Deadline").

6.    On or before three (3) business days after entry of this Sale Notice Order, the Debtors will cause the notice, substantially in the form attached hereto as **Exhibit 1** (the "Sale Notice") to be sent to the Notice Parties including specifically the Counter-Parties to the Contracts.  The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court on the date scheduled for such hearing or in the hearing agenda for such hearing.

6.    The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Sale Notice Order shall be effective immediately upon its entry.

7.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 10th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

{00040301. }                                                4