IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Yield10 Bioscience, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12752 (MFW)<br><br>(Jointly Administered)<br><br>Re: D.I. 4 |

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) AND 1108 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS, (B) CONTINUE PAYMENT OF WAGES, COMPENSATION, AND EMPLOYEE BENEFITS IN THE ORDINARY COURSE OF BUSINESS AND (C) CONTINUE PAYMENT OF EMPLOYMENT, UNEMPLOYMENT, SOCIAL SECURITY AND OTHER TAXES INCIDENT TO THE EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING DEBTORS' THIRD-PARTY PAYROLL ADMINISTRATOR AND DEBTORS' BANK TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS RELATING TO THE FOREGOING**

Upon consideration of the motion ("Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an interim order pursuant to sections 105(a), 363(b), 363(c), 507(a), 541(b)(7), 541(d), 1107(a) and 1108 of the Bankruptcy Code (i) authorizing, but not directing, the Debtors to (a) pay certain prepetition wages, compensation, and employee benefits, (b) continue post-petition payment of wages, compensation, and employee benefits in the ordinary course of business, and (c) pay all employment, unemployment, Social Security, and federal, state, and local taxes relating to the Employee Obligations; and (ii) authorizing and directing Insperity, banks and other financial institutions to

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Yield10 Bioscience, Inc. (x8289), (ii) Yield10 Bioscience Securities Corp. (x7435), and (iii) Yield10 Oilseeds Inc. (x9469).

[2] Capitalized terms not defined herein are defined in the Motion.

{00040353. }

receive, process, honor, and pay all checks issued and electronic payment requests made related to the foregoing, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given under the circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED and approved on an interim basis as set forth herein.

2. A final hearing (the "Final Hearing") on the Motion shall be held before the undersigned on **January 8, 2025 at 12:00 p.m. (ET).** Any party that objects to the relief sought in the Motion must file a written objection to the Motion and serve a copy of the objection on (i) counsel for the Debtor: The Rosner Law Group LLC, Attn: Frederick B. Rosner, Esq. and Zhao (Ruby) Liu, Esq., 824 N. Market Street, Suite 810, Wilmington, Delaware 19801, Email: rosner@teamrosner.com and liu@teamronser.com; and (ii) the Office of the United States Trustee, Attn: Richard L. Schepacarter, Esq, Esq., J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Email: Richard.Schepacarter@usdoj.gov, so that the objection is received no later than **January 3, 2025 at 12:00 p.m. (ET)**.

3. The Debtors are authorized, but not directed, to pay the outstanding amounts owed as of the Petition Date for accrued and unpaid Employee Obligations in an amount not to exceed, in aggregate, $46,000. Payments made pursuant to this Interim Order shall not exceed the limits set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

4. The Debtors are hereby authorized, but not directed, to continue (i) to pay the Employee Obligations that become due and owing during the pendency of these Chapter 11 Cases and (ii) their practices, programs, and policies with respect to Employee Obligations, as such practices, programs and policies were in effect as of the Petition Date.

5. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs.

6. The Debtors are hereby authorized, but not directed, to continue to reimburse business expenses incurred by eligible Continuing Employees post-petition in the ordinary course.

7. The Debtors are hereby authorized, but not directed to continue utilizing Insperity for the administration of the Debtors' payroll and healthcare/welfare benefits in the ordinary course.

8. The Debtors are authorized, but not directed, to (i) pay the outstanding amounts owed as of the Petition Date in an amount not to exceed $1,677 and (ii) continue to use the Corporate Business Card post-petition in the ordinary course.

9. Insperity, Citizens Bank and Bank of Montreal, at which the Debtors maintains their account, are authorized to (i) receive, process, honor, and pay any and all checks presented for payment, and to honor all electronic payment requests made by the Debtors related to prepetition obligations described in the Motion, whether such claims were presented or

electronic requests were submitted prior to or after the Petition Date, and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to this Order.

10. The authorization to pay all amounts on account of prepetition Employee Obligations shall not affect the Debtors' right to contest the amount, validity, or priority of any Employee Obligations.

11. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any employee.

12. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall (a) be construed as a request for authority to assume any executory contract under section 365 of the Bankruptcy Code, (b) waive, affect, or impair any of the Debtors; rights, claims, or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law, or any agreement, (c) grant third-party beneficiary status or bestow any additional rights on any third party, or (d) be otherwise enforceable by any third party.

13. Authorizations given to the Debtors in this Order empower, but do not direct the Debtors, to effectuate the payments specified herein. The Debtors retain the business judgment to make or not make such payments. All payments are subject to the condition that funds are available to effect any payment.

14. Nothing in this order is authorizing or approving any payment or transfer subject to Section 503(c) of the Bankruptcy Code.

15. Bankruptcy Rule 6003(b) has been satisfied.

16. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order. For the avoidance of doubt, unless specifically provided herein, the Debtors are authorized to take all actions permitted hereunder before the Final Hearing on the Motion.

17. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: December 10th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE