**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Yield10 Bioscience, Inc., *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 24-12752 (MFW)<br><br>(Jointly Administered)<br><br>Re: D.I. 5 |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), 363,
1107 AND 1108 AUTHORIZING: (A) CONTINUED MAINTENANCE OF
EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF EXISTING BUSINESS
FORMS AND (C) WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT
REQUIREMENTS AND CERTAIN UNITED STATES TRUSTEE GUIDELINES**

Upon the Motion[2] of the Debtors for an Order, under sections 105, 345(b), 363, 1107 and 1108 of the Bankruptcy Code, authorizing (i) continued maintenance of existing bank accounts, (ii) continued use of existing business forms and (iii) a waiver of the section 345(b) deposit requirements and certain United States Trustee operating guidelines relating to bank accounts; and upon the representations contained in the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, the creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.　　　　The Motion is GRANTED on an interim basis as provided herein.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Yield10 Bioscience, Inc. (x8289), (ii) Yield10 Bioscience Securities Corp. (x7435), and (iii) Yield10 Oilseeds Inc. (x9469).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

{00040369. }

2. The final hearing (the "Final Hearing") on the Motion shall be held on **December January 8, 2025 at 12:00 p.m. (ET)**. Any objections or responses to entry of the final order shall be filed on or before **January 3, 2025 at 12:00 p.m. (ET)**.

3. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to designate, maintain and continue to use the Bank Accounts with the same account numbers, and treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as a debtors in possession.

4. The Debtors are authorized to continue to use existing business forms (including letterhead, purchase orders, and invoices) and checks without alteration or change and without the designation "Debtor in Possession" or a "debtor in possession case number" imprinted upon them, provided, however, in the event that the Debtors need to purchase new check stock or any other business forms during the pendency of these Chapter 11 Cases, such check stock or other business forms will include a legend referring to the Debtors as "Debtor in Possession" or "DIP."

5. After the Petition Date, and subject to the terms of this Order, each Bank at which the Bank Accounts are maintained, is authorized to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Bank Accounts, provided, however, that, unless otherwise ordered by the Court and requested by the Debtors, no checks, drafts, ACH transfers (excluding any ACH Transfer that the Bank(s) is obligated to settle), or other items presented, issued, or drawn on the Bank Accounts on or prior to the Petition Date shall be honored.

6. The Banks are authorized but not directed to implement reasonable handling procedures designed to effectuate the terms of this Order. If the Banks implement such handling

procedures and then honor a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good-faith belief that the Court has authorized such prepetition check or item to be honored or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, it shall not be liable to the Debtors or their estates or otherwise in violation of this Order.

7. The Banks are authorized to honor all representations from the Debtors as to which checks should be honored or dishonored.

8. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived. The Debtors shall give notice to the Office of the U.S. Trustee and any official committees appointed in these Chapter 11 Cases prior to opening or closing a bank account. Any new bank account opened by the Debtors shall be established at an institution insured by the FDIC and that is a party to a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute a Uniform Depository Agreement.

9. The Debtors are hereby authorized to execute any additional documents as may be required to carry out the intent and purpose of this Order.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors shall serve a copy of this Order on the Banks within three (3) business days of the entry of this Order.

14. The Debtors are granted a thirty day extension of time to comply with the investment and deposit requirements of section 345 of the Bankruptcy Code, which extension is without prejudice to the Debtors' ability to seek a further extension or a final waiver of those requirements. For Banks at which the Debtors hold accounts that are party to a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, as soon as possible after entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with the Debtors' employer identification numbers, and (c) identify the accounts held at such banks as being held by a debtor in possession. For banks that are not party to a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, the Debtors shall use its good faith efforts to cause the bank to execute a Uniform Depository Agreement in a form prescribed by the Office of the U.S. Trustee as soon as possible but no later than thirty days of the date of entry of this Order. The U.S. Trustee's rights to seek further relief from this Court in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

15. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity makes those disbursements.

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: December 10th, 2024**
**Wilmington, Delaware**

{00040369. }

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**