**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Yield10 Bioscience, Inc., *et al.*,[1] | ) Case No. 24-12752 (MFW) |
| | ) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: January 8, 2025 @ 12:00 p.m. (ET)** |
| | ) **Obj. Deadline: December 26, 2024 @ 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING TIME TO
FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF
FINANCIAL AFFAIRS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), under sections 105(a) and 521(a)(1)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1007(c) and 9006 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the time within which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") through and including January 6, 2025, without prejudice to the Debtors' rights to seek further extensions of such deadline. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Yield10 Bioscience, Inc. (x8289), (ii) Yield10 Bioscience Securities Corp. (x7435), and (iii) Yield10 Oilseeds Inc. (Canadian Business No. x9469).

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")

has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended

Standing Order of Reference from the United States District Court for the District of Delaware

dated February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the

entry of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent the consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 521(a)

(1) (B) of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006, and Local Rule 9006-2.

## RELEVANT BACKGROUND

**A.      The Debtors and Their Bankruptcy Cases**

4.      On December 6, 2024 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code commencing these Chapter 11 Cases.

The Debtors continue to manage their properties and affairs as debtors in possession pursuant to

sections 1107 and 1108 of the Bankruptcy Code.

5.      No request has been made for the appointment of a trustee or examiner, and no

official committee has been established in these Chapter 11 Cases.  These chapter 11 cases are

being jointly administered, pursuant to Bankruptcy Rule 1015(b).

6.      The factual background regarding the Debtors, including their business

operations and the events leading up to the commencement of these Chapter 11 Cases, is set

forth in the First Day Declaration.[2]

## RELIEF REQUESTED

7.      By this Motion, the Debtors respectfully request entry of the Proposed Order, extending the time within which the Debtors must file their Schedules and Statements through and including January 6, 2025, without prejudice to the Debtors' rights to seek further extensions thereof. Since this request is being filed before the expiration of the Current Schedules Deadline (as defined below), under Local Rule 9006-2, the Debtors are granted an automatic bridge order until a hearing is held on this Motion

## BASIS FOR RELIEF

8.      Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within fourteen (14) days of the Petition Date. Accordingly, the deadline for the Debtors to file the Schedules and Statements is December 20, 2024 (the "Current Schedules Deadline")

9.      Pursuant to Bankruptcy Rules 1007(a)(5) and 1007(c), the Court has authority to further extend the time required for filing the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(5), 1007(c). Here, the Debtors respectfully submit that good and sufficient cause exists to further extend the Current Schedules Deadline as requested herein, based on (i) the size and complexity of the Debtors' businesses, (ii) the number of potential creditors of the Debtors, and (iii) the numerous burdens imposed by the Debtors' chapter 11 efforts, particularly in the early days of these Chapter 11 Cases. To prepare their Schedules and Statements, the Debtors must compile a significant amount of financial information from books, records, and documents relating to their assets, contracts, and claims of creditors. This information is

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

voluminous, and assembling the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their few remaining employees, and their professional advisors. The magnitude of such task—coupled with the Debtors' transition into chapter 11, the various tasks and issues that have required the Debtors' and their advisors' attention, and the ongoing day-to-day burdens of operating the Debtors' businesses—supports an extension of the deadline set forth in the Bankruptcy Code and Bankruptcy Rules for filing the Schedules and Statements. Moreover, the relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties in interest. Rather, the extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which, in turn, will promote the efficient administration of these Chapter 11 Cases.

10.     Further, considering the amount of work entailed in completing the Schedules and Statements, combined with the competing demands on the Debtors' few remaining employees and professionals in their efforts to stabilize business operations during the initial postpetition period, the Debtors respectfully submit that cause exists to extend the deadlines to complete the Schedules and Statements. Allowing the Debtors to focus their attention on stabilizing their operations at the outset of these Chapter 11 Cases and maximizing the value realized from a sale of their assets, rather than consuming the time and resources of the Debtors and their professionals with the completion of the Schedules and Statements, will provide a substantial benefit to the Debtors' businesses, their estates, and all parties in interest.

11.     Moreover, during any additional time that the Debtors are permitted to spend preparing the Schedules and Statements, creditors and other interested parties will still have a high level of visibility into the Debtors' financial affairs through the Debtors' monthly reporting in these Chapter 11 Cases.

12.     Based upon the foregoing, the Debtors respectfully submit that there exists good

and sufficient cause for granting the requested extension of time. The Debtors, therefore, respectfully request that the Court extend the Current Schedules Deadline through and including January 6, 2025, without prejudice to the Debtors' right to request further extensions, for cause shown.

## NOTICE

13.    Notice of this Motion has been or will be provided to: (i) the United States Trustee for the District of Delaware, Attn.: Richard L. Schepacarter, Esq.; (ii) counsel to Nuseed Nutritional US Inc; (iii) the creditors holding the twenty (20) largest unsecured claims on a consolidated basis against the Debtors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be just and proper.

Dated: December 13, 2024
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner (DE # 3995)
Zhao (Ruby) Liu (DE# 6436)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Tel.: (302) 777-1111
Email: rosner@teamrosner.com
       liu@teamrosner.com

*Proposed Counsel to the Debtors and Debtors in Possession*