# EXHIBIT B

## Liquidation Analysis

## Liquidation Analysis

|  | Chapter 11 | Chapter 7 |
|---|---|---|
| *Assets* [1] | | |
|     Cash/Sale Proceeds [2] | $1,521,832.90 | $1,521,832.90 |
| **Gross Assets** | **$1,521,832.90** | **$1,521,832.90** |
| *Secured Claims* [3] | $0.00 | $0.00 |
| **Net Proceeds After Secured Claims** | **$1,521,832.90** | **$1,521,832.90** |
| *Estimated Allowed Administrative Claims* | | |
|     Chapter 7 Trustee Commissions [4] | $0.00 | $60,000.00 |
|     Chapter 7 Trustee Professional Fees [5] | $0.00 | $250,000.00 |
|     Chapter 11 Plan Administrator Fees [6] | $28,125.00 | $0.00 |
|     Chapter 11 Professional Fees [7] | $35,000.00 | $0.00 |
|     Independent Director Fees [8] | $30,000.00 | $0.00 |
|     **TOTAL** | **$83,125.00** | **$310,000.00** |
|     *Estimated Recovery Rate* | *(100%)* | *(100%)* |
| **Net Proceeds After Administrative Claims** | **$1,438,707.90** | **$1,211,832.90** |
| Other Priority Claims [9] | $105,900.00 | $105,900.00 |
|     *Estimated Recovery Rate* | *(100%)* | *(100%)* |
| **Net Proceeds After Priority Claims** | **$1,332,807.90** | **$1,105,932.90** |
| Priority Tax Claims [10] | $0.00 | $0.00 |
|     *Estimated Recovery Rate* | *(100%)* | *(100%)* |
| **Net Proceeds After Priority Tax Claims** | **$1,332,807.90** | **$1,105,932.90** |
| General Non-Priority Unsecured Claims | $5,408,440.85 | $5,408,440.85 |
|     *Estimated Recovery Rate* | *(25%)* | *(20%)* |

**Global Notes to the Liquidation Analysis**

A.  **Introduction**

Under the "best interests" of creditors test set forth in section 1129(a)(7) of the Bankruptcy Code, the Bankruptcy Court may not confirm a plan of liquidation unless the plan provides each holder of a claim or interest who does not otherwise vote in favor of the plan with property of a value, as of the effective date of the plan, that is not less than the amount that such holder would receive or retain if the debtor was liquidated under chapter 7 of the Bankruptcy Code.  To demonstrate that the Plan satisfies the "best interests" of creditors test, the Debtors have prepared the following hypothetical Liquidation Analysis, which is based upon certain assumptions discussed in the Disclosure Statement and in the notes accompanying the Liquidation Analysis (the "Notes").  Capitalized terms not defined in the Notes shall have the meanings ascribed to them in the Plan and the Disclosure Statement. The Liquidation Analysis estimates potential Cash distributions to holders of Allowed Claims in a hypothetical chapter 7 liquidation of the Debtors' assets. Asset values discussed in the Liquidation Analysis may differ materially from values referred to in the Plan and Disclosure Statement.

B.  **Scope, Intent, and Purpose of the Liquidation Analysis**

The determination of the costs of, and hypothetical proceeds from, the liquidation of the Debtors' assets is an uncertain process involving the extensive use of estimates and assumptions that, although considered reasonable by the Debtors, are inherently subject to significant business, economic, and competitive uncertainties and contingencies beyond the control of the Debtors and their management. Inevitably, some assumptions in the Liquidation Analysis may not materialize in an actual chapter 7 liquidation, and unanticipated events and circumstances could affect the ultimate results in an actual chapter 7 liquidation. The Liquidation Analysis was prepared for the sole purpose of generating a reasonable good-faith estimate of the proceeds that would be generated if the Debtors were liquidated in accordance with chapter 7 of the Bankruptcy Code. The Liquidation Analysis is not intended and should not be used for any other purpose. The underlying financial information in the Liquidation Analysis was not compiled or examined by any independent accountants.  No independent appraisals were conducted in preparing the Liquidation Analysis. THE DEBTORS MAKES NO REPRESENTATION OR WARRANTY THAT THE ACTUAL RESULTS WOULD OR WOULD NOT APPROXIMATE THE ESTIMATES AND ASSUMPTIONS REPRESENTED IN THE LIQUIDATION ANALYSIS. ACTUAL RESULTS COULD VARY MATERIALLY.

In preparing the Liquidation Analysis, the Debtors estimated Allowed Claims based upon a review of Claims listed on the Debtor's Schedules and proofs of claim filed to date. In addition, the Liquidation Analysis includes estimates for Claims not currently asserted in the Chapter 11 Case, but which could be asserted and Allowed in a chapter 7 liquidation, including Administrative Claims, winddown costs, trustee fees, tax liabilities, and certain lease and contract rejection damages Claims. To date, the Bankruptcy Court has not estimated or otherwise fixed the total amount of Allowed Claims used for purposes of preparing this Liquidation Analysis. For purposes

of the Liquidation Analysis, the Debtor's estimates of Allowed Claims contained in the Liquidation Analysis references specific Claims estimates, even though the Debtor's estimates of ranges of projected recoveries under the Plan to holders of Allowed Claims are based on ranges of Allowed Claims. Therefore, the Debtor's estimate of Allowed Claims set forth in the Liquidation Analysis should not be relied on for any other purpose, including determining the value of any distribution to be made on account of Allowed Claims under the Plan. NOTHING CONTAINED IN THE LIQUIDATION ANALYSIS IS INTENDED TO BE OR CONSTITUTES A CONCESSION OR ADMISSION OF THE DEBTORS. THE ACTUAL AMOUNT OF ALLOWED CLAIMS IN THE CHAPTER 11 CASE COULD MATERIALLY DIFFER FROM THE ESTIMATED AMOUNTS SET FORTH IN THE LIQUIDATION ANALYSIS.

C. **Assumptions and Notes**

(1) **Assets**. The Liquidation Analysis assumes a liquidation of all of the Debtors' assets. The primary assets of the Debtors are the Sale Proceeds and Retained Causes of Action. It is important to note that without the willingness of certain Directors and Officers to not resign and stay on, there would be *no* Sale Proceeds. All of the Debtors' assets were subject to a security interest held by NuSeed, and NuSeed had threatened foreclosure pre-petition. One of the primary advantages of continuing the liquidation of the cases in Chapter 11 is that the Distributions will be made much sooner than in Chapter 7 where a trustee would little or nothing about the case, which asserted claims are objectionable and why.

(2) **Cash/Sale Proceeds**. This represents remaining cash as of July 31, 2025, minus professional fees and expenses incurred (and expected to be awarded) from Petition Date through June 30, 2025.

(3) **Secured Claims**. As of the date hereof, the Debtors' have satisfied all Secured Claims and no Secured Claims survive.

(4) & (5) **Chapter 7 Trustee and Professional Fees**. The Chapter 7 Trustee Fees represent the reasonable compensation for the trustee's services pursuant to 11 U.S.C. § 326(a) (not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000 upon all moneys disbursed or turned over in the case by the trustee to parties in interest).

If the Debtors' cases are converted to chapter 7, the amount of Administrative Claims would increase substantially because the chapter 7 trustee and his/her counsel and other professional advisers, have no prior institutional knowledge of the pre-petition Debtors, the IP licenses, and the books and records of the Debtors, and necessarily will have to incur substantial professional fees and costs to bring themselves up to speed.

The hourly rate of prospective chapter 7 trustee's counsel is likely to be higher than that of the proposed chapter 11 Plan Administrator ($375/hour) and the Debtors' Chapter 11 Counsel (blended rate of approximately $373.75/hour). It should also be noted that the Debtors' Chapter

11 Counsel is expected to do much of the post-confirmation work on a contingency-fees basis; *i.e.*, claim objections and avoidance actions.

**(6) & (7) <u>Chapter 11 Plan Administrator Fees and Professional Fees</u>.** The proposed Plan Administrator is Mr. Oliver Peoples, the Debtors' former Chief Executive Office, who will be compensated at $375/hour. It is anticipated that most of the post-Effective Date legal services to be rendered by Debtors' counsel will be handled on a contingency fee basis. To the extent any legal services are compensated at an hourly rate, the Debtors' Chapter 11 counsel has a blended rate of approximately $373.75/hour.

**(8) <u>Independent Director Fees</u>.** The Debtors intend to retain an Independent Director for the specific and limited purpose of reviewing insider avoidance actions. The Independent Director Fees shall not exceed $30,000.

**<u>(9) Other Priority Claims</u>**. This represents the amount the Debtors believe will be the final amount of Priority Claims allowed in these Chapter 11 Cases.

**<u>(10) Priority Tax Claims</u>**. As of the date hereof, the Debtors' have no Tax Priority Claims.