**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Yield10 Bioscience, Inc., *et al.*,[1] | ) | Case No. 24-12752 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**DECLARATION OF ZHAO LIU OF THE ROSNER
LAW GROUP LLC REGARDING THE SOLICITATION OF VOTES
AND TABULATION OF BALLOTS ON THE AMENDED CHAPTER 11 PLAN OF
LIQUIDATION OF YIELD10 BIOSCIENCE, INC. AND ITS AFFILIATE DEBTORS**

I, Zhao Liu, declare, under penalty of perjury, as follows:

1. I am an associate with The Rosner Law Group LLC ("RLG"), whose business address is 824 North Market Street, Suite 810, Wilmington, Delaware 19801. I am over the age of 18 and not a party to this action other than as counsel to the above-captioned Debtors.[2]

2. I submit this Declaration in connection with the solicitation of votes and the tabulation of ballots casted on the *Amended Chapter 11 Plan of Liquidation for Yield10 Bioscience, Inc. and Its Affiliates* [D.I. 132-1] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"). Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. If I were called to testify, I could and would competently testify as to the facts set forth herein.

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Yield10 Bioscience, Inc. (x8289), (ii) Yield10 Bioscience Securities Corp. (x7435), and (iii) Yield10 Oilseeds Inc. (x9469).

[2] Capitalized terms used herein but otherwise not defined shall retain the meaning ascribed to them in the Plan, the Solicitation Procedures Order (as defined herein), or the *Debtors' Motion For An Order (I) Approving Disclosure Statement; (II) Approving Solicitation And Voting Procedures, Including (A) Fixing The Voting Record Date, (B) Approving The Solicitation Package And Procedure For Distribution, (C) Approving The Form Of The Ballot And Solicitation Materials And Establishing Procedure For Voting, And (D) Approving Procedures For Vote Tabulation; (III) Scheduling A Confirmation Hearing And Establishing Notice And Objection Procedures; And (IV) Granting Related Relief* (the "Solicitation Procedures Motion") [D.I. 107].

3. On August 20, 2025, the Court entered the *Order (I) Approving Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing The Voting Record Date, (B) Approving The Solicitation Package and Procedure for Distribution, (C) Approving The Form of The Ballot and Solicitation Materials and Establishing Procedure for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; and (IV) Granting Related Relief* (the "Solicitation Procedures Order") [D.I. 142]. Pursuant to the Solicitation Procedures Order, RLG was appointed to assist the Debtors in connection with, *inter alia*, receiving and tabulating Ballots accepting or rejecting the Plan.

4. Pursuant to the Plan, only Holders of Claims in Class 2 (General Unsecured Claims) (the "Voting Class") were entitled to vote to accept or reject the Plan.

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Solicitation Procedures Order. RLG was instructed to review and determine the validity of, and tabulate Ballots submitted to vote for the acceptance or rejection of the Plan by the Holders of Claims in the Voting Class in accordance with the Solicitation Procedures Order.

6. As specified in the Solicitation Procedures Order, August 19, 2025 was established as the record date for determining the Holders of Claims in the Voting Class who would be entitled to vote on the Plan (the "Voting Record Date").

7. The Solicitation Package was served on the Voting Class in accordance with the requirements of the Solicitation Procedures Order. A certificate of service evidencing the service of the foregoing was filed with the Court on August 29, 2025 [D.I. 144].

8. Ballots returned by mail, hand delivery, email or overnight courtier were received by personnel of RLG at its offices in Wilmington, Delaware. All Ballots received by RLG were

4929-1706-1224, v. 1

processed in accordance with the Solicitation Procedures Order.

9. In order for a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the Solicitation Procedures Order and executed by the relevant Holder, or such Holder's authorized representative, and must have been received by RLG by 5:00 p.m. prevailing Eastern Time on September 24, 2025 (the "Voting Deadline"), unless extended by the Debtors.

10. All validly executed Ballots cast by Holders of Claims in the Voting Class received by RLG on or before the Voting Deadline were tabulated as outlined in the Solicitation Procedures Order.

11. Set forth below is a summary of the voting results:

| Total Ballots Received | | | |
|---|---|---|---|
| Accept | | Reject | |
| Number | Amount | Number | Amount |
| 11 (100%) | $3,475,491.00 (100%) | 0 (0%) | $0.00 (0%) |

12. The detailed results of the voting by Holders of Claims in the Voting Class are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by RLG.

13. The Ballots received by RLG are stored at RLG's office and are available for inspection upon submission of a request to this Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 1, 2025  
      Wilmington, Delaware

*/s/ Zhao Liu*  
Zhao (Ruby) Liu

3